**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1303**

DOROTHY L. BUCHHAGEN, Ph.D.,

              Plaintiff - Appellant,

        v.

ICF INTERNATIONAL, INC.; ICF Z-TECH, INC.,

              Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    J.  Frederick  Motz,  Senior  District
Judge.  (8:12-cv-02470-JFM)

Submitted:  July 12, 2013          Decided:  November 4, 2013

Before TRAXLER, Chief Judge,  and AGEE  and  THACKER,  Circuit
Judges.

Affirmed in part, reversed in part, and remanded by unpublished
per curiam opinion.

Alan Banov, ALAN BANOV & ASSOCIATES, Silver Spring, Maryland,
for Appellant.  Jeremy W. Dutra, Merrell B. Renaud, Rebecca A.
Worthington, SQUIRE SANDERS (US) LLP, Washington, D.C., for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In June 2009, respondents ICF International, Inc., and ICF Z-Tech, Inc. (together, "ICF") were awarded the "Cancer Information Analysis and Tracking" contract (the "CIAT contract") by the National Cancer Institute ("NCI"). In September 2009, appellant Dorothy Buchhagen began working for ICF on the CIAT contract; her principal responsibility was researching and writing content for the "Dictionary of Cancer Terms" section of NCI's website. After she was fired in July 2010, Buchhagen brought this action against ICF asserting hostile environment, wrongful termination, and retaliation claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"). The district court dismissed the action, see Fed. R. Civ. P. 12(b)(6), concluding that Buchhagen's claim failed to allege facts plausibly entitling her to relief. Buchhagen appeals. We affirm in part, reverse in part, and remand.

I.

We review the district court's dismissal of Buchhagen's claim de novo, "accepting as true the facts alleged in the complaint." See Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must establish 'facial plausibility' by pleading 'factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged.'" Clatterbuck v. City of Charlottesville, 708 F.3d 549, 554 (4th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "At bottom, a plaintiff must nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, 680 F.3d at 365 (internal quotation marks and alterations omitted).

## II.

To state a hostile work environment claim, Buchhagen must allege facts plausibly demonstrating that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her . . . age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Buchhagen alleges that that Dr. Beebe, her supervisor, created a hostile environment over the course of nine months by, inter alia, "mockingly" yelling at Buchhagen in one meeting, J.A. 22; yelling and pounding her hands on her desk during another meeting; "repeatedly harp[ing]" on a mistake made by Buchhagen in October 2009, J.A. 22; making "snide comments" to Buchhagen, J.A. 28; playing favorites with employees and pitting employees against each other; and unfairly scrutinizing and

3

criticizing Buchhagen's use of leave and compliance with Beebe's directives. Many of these allegations are conclusory and lack sufficient factual support to make them plausible. In any event, the conduct alleged falls far short of being severe or pervasive enough to establish an abusive environment, and the district court therefore properly dismissed Buchhagen's hostile environment claim. See Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir.) ("Bond's allegations, which largely include the actions taken against her in response to the concerns regarding her performance, fall well short of alleging an abusive working environment."), cert. denied, 132 S. Ct. 398 (2011); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir 2008) ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard.").

## III.

The ADEA forbids an employer from taking an adverse employment action against an employee "because of" the employee's age. 29 U.S.C. § 623(a)(1); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004) (en banc). Age must be the "but-for" cause of the employer's action for the action to violate the ADEA. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009).

4

Although it is a close question, we believe Buchhagen's complaint sufficiently alleges unlawful age discrimination. Buchhagen alleges that she is a member of a protected class (she was 67 when she was fired); that she suffered an adverse employment action (termination); and that she was replaced by a substantially younger employee. See J.A. 57. As to the requirement that her age was the cause of her termination, Buchhagen alleges that Beebe mentored younger employees and sent them to management training courses, but declined to do so for Buchhagen, see J.A. 13; that Beebe played favorites with younger employees, see J.A. 28; that Beebe "move[d] responsibilities away from [Buchhagen] to her younger (and less experienced) colleagues," J.A. 41; and that Buchhagen was put on a performance-improvement plan after the October 2009 incident, but younger employees making similar mistakes were not put on such plans, see J.A. 24, 36. The complaint also alleges pretext by alleging specific facts that, if proven, could cast doubt on the credibility of the reasons given by ICF for her termination, see J.A. 50, ¶¶ 353-56; J.A. 52-53, ¶¶ 370-80. These allegations of disparate treatment and pretext, taken together, state a claim of age discrimination that is plausible, not merely speculative.

We recognize that there are allegations in Buchhagen's complaint that cut against her claim to relief. For example,

5

Buchhagen alleges that Beebe discriminated against her because of her age, yet the complaint establishes that Beebe hired Buchhagen to work for Lockheed-Martin (the company that previously held the CIAT contract) when Buchhagen was 64 years old. See J.A. 7. The complaint also establishes that ICF hired Buchhagen when she was 67 years old and, after offering her a salary of $39.12 per hour (the same salary she received at Lockheed-Martin), agreed to Buchhagen's counteroffer of $60 per hour. See J.A. 16-17. These facts provide some support for ICF's claim that it did not discriminate against Buchhagen because of her age. Cf. Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991) (explaining that a strong inference against discriminatory animus arises when the individual who hires an employee is the same person who discharges him only a few months later). Moreover, some of Buchhagen's behavior as described in the complaint could be construed as problematic or even insubordinate. See, e.g., J.A. 19, ¶ 120; J.A. 21, ¶ 132; J.A. 32, ¶ 226. The allegations described above may not be wholly supportive of Buchhagen's discrimination claim, but they do not foreclose her claim to relief at this stage of the proceedings, where we are obliged to accept Buchhagen's factual allegations as true and to draw reasonable inferences in her favor. The district court therefore erred by dismissing Buchhagen's age discrimination claim.

6

IV.

The district court likewise erred by dismissing Buchhagen's retaliatory discharge claim. See 29 U.S.C. § 623(d) (stating that it is "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful" under the ADEA). To establish a prima facie case of retaliation, a plaintiff must demonstrate that: "(1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal link between the protected activity and the adverse action." Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006) (en banc).

As she alleges in her complaint, Buchhagen complained about Beebe's harassment in a March 2010 meeting with Beebe's supervisor, see J.A. 28, and in emails to an ICF human-resources employee and to that employee's supervisor in June 2010, see J.A. 42, 44. Buchhagen complained about Beebe again on July 20, 2010, in a meeting with ICF's Director of Human Resources, this time specifically contending that Beebe's actions were based on Buchhagen's age, see J.A. 54-55. Buchhagen was fired six days later, on July 26, 2010.

Buchhagen clearly suffered an adverse employment action (termination), and the allegations set out above sufficiently establish that she engaged in protected oppositional activity.

7

See EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005) ("[P]rotected oppositional activities may include staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities, as well as complaints about suspected violations." (internal quotation marks and alterations omitted)). Even if ICF's actions ultimately do not amount to unlawful age discrimination, the allegations that we found sufficient to support Buchhagen's wrongful discharge claim also suffice to establish that Buchhagen had a reasonable belief that ICF violated the ADEA. See id. (Title VII's anti-retaliation provision "protects activity in opposition not only to employment actions actually unlawful under Title VII but also employment actions an employee reasonably believes to be unlawful." (emphasis added)).

As to the requirement of a causal link between the protected activity and her termination, the timing of Buchhagen's discharge – six days after she made it clear that she was complaining of age discrimination – is sufficient to establish causation at this stage of the proceedings. See Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) ("While evidence as to the closeness in time [between the protected activity and adverse employment action] far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case

of causality." (internal quotation marks omitted)). The district court therefore erred by dismissing Buchhagen's retaliation claim.

V.

For the foregoing reasons, we affirm the district court's dismissal of Buchhagen's hostile environment claim, we reverse the dismissal of her wrongful discharge and retaliation claims, and we remand for further proceedings on those claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>REVERSED IN PART,<br>AND REMANDED